444

## BERESLAVSKY v. SOCONY–VACUUM OIL CO., Inc.

District Court, S. D. New York.

Sept. 19, 1946.

See also 7 F.R.D. 445.

Pennie, Edmonds, Morton & Barrows, of New York City, for plaintiff.

Herbert C. Smyth, Jr., New York City, for defendant.

MANDELBAUM, District Judge.

This is a patent infringement suit seeking injunctive relief and an accounting for profits and damages.

Plaintiff moves for leave to amend its complaint by striking allegations relating to equitable relief and substituting allegations seeking money damages. The basis for the motion appears to be that the patent has expired and with it the plaintiff's right to injunctive relief. The only claim he now has, says the plaintiff, is for money damages arising out of defendant's infringement.

The defendant questions the necessity of this amendment. This objection is not altogether without merit. Under the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c, which have done away with procedural distinctions between law and equity (Grauman v. City Company of New York (D.C., 31 F.Supp. 172, 173), it would appear that the amendment sought is unnecessary since the request for injunctive relief could be abandoned at trial and the issue of damages tried by the court. However, I can see no harm in granting the amendment which leaves the complaint as it was in every respect except for the elimination of the request for injunctive relief.

Two other objections urged by the defendant require little discussion. It is claimed that the sole purpose of the amendment is to obtain a jury trial, a right which plaintiff has long ago waived. This question is not before me and is purely anticipatory. It is further claimed that the action if allowed to remain in its original form would entitle defendant to an award of counsel fees if it ultimately prevailed in the suit. Whether this is so or not, I am not at all persuaded that this is a valid objection to an application to amend a pleading.

All the objections are overruled and the motion to amend is granted. Settle order on 2 days notice.