## BERESLAVSKY v. SOCONY–VACUUM OIL CO., Inc.

District Court, S. D. New York.

Feb. 10, 1947.

See also 7 F.R.D. 445.

CAFFEY, District Judge

The case presented is somewhat perplexing. Nevertheless, when the record is adhered to, I think the position of the defendant is sustained by the opinion of Judge Mandelbaum, Bereslavsky v. Socony-Vacuum Oil Co., 7 F.R.D. 444. It will be observed that what he held and deemed controlling is identified in the appendix annexed to defendant's memorandum in which he has cited Sterling Products Corp. v. Sterling Drug, Inc., D.C.S.D.N.Y., October 31, 1942.[1] As I conceive, this contains all that is needful.

Among the facts to be noted are the following: (1) The patent expired before September 19, 1946. (2) The sole claim of the plaintiff is for money damages arising out of defendant's infringement. (3) The procedural distinctions between law and equity have been done away with. (4) Amendment is unnecessary because injunctive relief could be abandoned at the trial and issue of damages be tried by the court. (5) As altered, in all respects the essence of the complaint continued save elimination of injunctive relief. (6) The only purpose was to obtain a jury trial, which was a right long ago waived. (7) It is not established that an application to amend a pleading is a sufficient objection. (8) The court feels that there are numerous other features not valid but constituting opposition to amendment of a pleading.

What Judge Mandelbaum approved was retained in the complaint.

In the light of what has been recited all objections were overruled and the motion to amend was granted. From these conditions it follows, among other things, that, pursuant to Section 4919 of the Revised Statutes of the United States, 35 U.S.C.A. § 67, "Damages for the infringement of any patent" might be "recovered by action on the case, in the name of" any "party interested" and there might be further recoveries for "actual damages sustained."

Moreover, two things are true. One is that the plaintiff "has waived its right to trial by jury on the issue of infringement and validity of the patent in suit and the prayer for recovery of damages and cannot now revive that right by the expedient of filing an amendment which raises no new issues and is an equivalent of a mere elimination and of the prayer for injunctive relief." Secondly, Bercovivi v. Chaplin, D.C.,S.D.N.Y., 56 F.Supp. 417 (left and right columns) and 418 (third and fourth paragraphs of left column), shows that it is imperative to require that the principle there announced be adhered to and that wasteful discussion be disregarded.

Settle order accordingly on two days' notice.

---

[1] No opinion for publication.