**ALCOA S. S. CO., Inc.**

v.

**RYAN et al.**

**No. 23002.**

United States Court of Appeals
Second Circuit.

Argued March 8, 1954.

Decided March 18, 1954.

William J. Junkerman, New York City (Haight, Deming, Gardner, Poor & Havens, John C. Mundt, Jr., and James B.

McQuillan, New York City, on the brief), for petitioner.

Vincent L. Leibell, Jr., New York City (Bigham, Englar, Jones & Houston and George S. Brengle, New York City, on the brief), for respondents.

Before CLARK, MEDINA, and HARLAN, Circuit Judges.

CLARK, Circuit Judge.

This is a petition by Alcoa Steamship Company, Inc., for mandamus, asking us to compel District Judges Ryan and Knox to grant it a trial by jury in its action against Aetna Insurance Company, now pending as Civ. 63–133 in the United States District Court for the Southern District of New York. The facts as shown by the petition and the answers filed on behalf of the two judges are as follows:

The action in question, to recover loss upon War-Risk Policies issued by the defendant Aetna, was instituted in the Supreme Court of the State of New York in December, 1950, and was removed by the defendant to the court below. Issue was joined by the defendant's answer in January, 1951. The complaint alleged the loss of $260,168.70 in government freights on four ships bearing government cargo and lost through enemy action in the spring of 1942; and recovery of this loss as covered by certain designated policies issued by the defendant was sought. But the lengthy complaint went on to allege that after the government had paid some of the freights, the defendant entered into an agreement in September, 1942, cancelling the declaration of the freights on these vessels and refunding to plaintiff 75 per cent of the war risk premiums charged therefor; that this agreement was entered into under the mistake of fact and (or) law that the United States was required to and would pay the freights, whether or not the vessels or cargo were lost; and that subsequently the government demanded back and actually recovered the freights paid after lengthy litigation, see Alcoa S. S. Co. v. United States, 338 U.S. 421, 70 S.Ct. 190, 94 L.Ed. 225, affirming 2

Cir., 175 F.2d 661, which had reversed D.C.S.D.N.Y., 80 F.Supp. 158. So the first demand for judgment was for rescission of this agreement of cancellation, the second being for the amount of loss as stated above. The answer of the defendant, by its reliance on this agreement of cancellation and refund, showed that the principal issue involved was as to the former.

After lengthy interrogatories and depositions the case came on for pre-trial in January and February of this year before Judge Ryan. During the course of the pre-trial conferences plaintiff sought leave to amend its complaint to show the agreement of September, 1942, as merely one by plaintiff to withhold making any claims under the policies in exchange for return of 75 per cent of the war risk premiums and accordingly to omit all claim for rescission. Judge Ryan, at the defendant's request, granted the amendment only on certain conditions designed to permit depositions by the defendant and allow the case to keep its place on the calendar for trial at the April, 1954, session of the court. The plaintiff thereupon served a written demand for trial by jury; Judge Ryan amended his pre-trial order to show explicitly what he had regarded as implicit, namely, that the allowance of the amendment was conditioned upon the action remaining upon the non-jury calendar of the court; Chief Judge Knox in charge of the calendar for April refused to disturb Judge Ryan's order; and the present proceeding followed. Petitioner, while conceding that the time for jury claim had expired as to its original complaint, now of course asserts that the amendment has made the case one "at law" where it has a constitutional right to trial by jury.

While we have ultimate power to grant mandamus, 28 U.S.C. § 1651, yet it is to be exercised only in a clear and necessary case, and not as the mere substitute for an interlocutory appeal. Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145; Stathatos v. Arnold Bernstein S. S. Corp., 2 Cir., 202 F.2d 525, 528; In re Chappell & Co., 1 Cir.,

201 F.2d 343. Such is not this case. Petitioner in its original complaint below was but "anticipating" a defense by saying in advance that the releasing instrument upon which the defendant would—and did—rely was executed by mistake. Such anticipation was not recognized, but was ignored as immaterial, at common law, although it is at least tolerated under most modern codes, including probably New York, notwithstanding some diversity in the local precedents. See discussion, with citation of cases, in Clark, Code Pleading 250–252 (2d Ed. 1947). But premature demolition of a defense cannot change the nature of the action which constantly remains one to recover on the insurance policies. The specific issue of mistake, in the making of an agreement—unlike fraud, as to which see Bowie v. Sorrell, 4 Cir., 209 F.2d 49—seems one for court and not jury trial under the federal practice. Prudential Ins. Co. of America v. Strickland, 6 Cir., 187 F.2d 67, 70, 71; and see Liberty Oil Co. v. Condon Nat. Bank, 260 U.S. 235, 242, 43 S.Ct. 118, 67 L.Ed. 232; United States Plywood Corp. v. Hudson Lumber Co., 2 Cir., 210 F.2d 462; Broidy v. State Mut. Life Assur. Co. of Worcester, Mass., 2 Cir., 186 F.2d 490, 496.

But in any event, since the actual claim sued upon has remained the same throughout, any right of trial by jury has long since been waived. Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173, 158 A.L.R. 990; Fidelity & Deposit Co. of Md. v. Krout, 2 Cir., 157 F.2d 912; Moore v. United States, 5 Cir., 196 F.2d 906; American Fidelity & Cas. Co. v. All American Bus Lines, 10 Cir., 190 F. 2d 234, certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642; F.R. 38(b), (d).

In view of this we do not reach the question as to the propriety of conditioning leave to amend on a non-jury trial where the jury-trial right as to the amended claim is otherwise clear, see Parissi v. Foley, 2 Cir., 203 F.2d 454; Westcott v. U. S. Fidelity & Guaranty Co., 4 Cir., 158 F.2d 20; 5 Moore's Federal Practice 327, 328 (2d Ed. 1951), or as to the applicability or the presently compulsive force of Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; cf. the case below, Bereslavsky v. Socony-Vacuum Oil Co., D.C.S.D.N.Y., 7 F.R.D. 444, 445, 447, also Fanchon & Marco v. Paramount Pictures, 2 Cir., 202 F.2d 731, 734.

Petition denied.