**E. H. TATE COMPANY**

v.

**JIFFY ENTERPRISES, Inc.**

**Civ. A. No. 15778.**

United States District Court
E. D. Pennsylvania.

Oct. 5, 1954.

572

Robert B. Frailey, Paul & Paul, Philadelphia, Pa., Heard, Smith, Porter & Chittick, Boston, Mass., for plaintiff.

Arthur H. Seidel, Lemuel B. Schofield, Marvin Comisky, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

Sur Plaintiff's Motion to Dismiss Second, Third and Fourth Causes of Action in the Defendant's Amended Counterclaim

■ The second cause of action is for copyright infringement. The only feature of the copyrighted material which the defendant alleges to have been copied by the plaintiff consists of three small sketches each about half the size of one's fingernail on a card approximately five inches square. These sketches are purely functional in the sense that their purpose on the card is to instruct purchasers of the article how to use it. The plaintiff's sketches are not even copies of the defendant's. If the plaintiff has the right to sell and advertise its hanger, it certainly has the right to supply purchasers and prospective purchasers with sketches for its use. If the plaintiff has the right to use a sketch, I do not see how it could very well do so without showing some sort of similarity to that of the defendant. The same considerations apply to the legend. Both cards use the words "Apply hook to wall" under the first sketch and both explain, in connection with the third sketch, in similar though not exactly the same terms, how to use the hook as an eyelet on the back of the picture. It seems to me that it is little short of absurd to apply the copyright law to the words "Apply hook to wall" in a perfectly natural explanation on how to use an article.

■ "The court has before it copies of plaintiff's copyrighted print as well as copies of defendants' contests. These are all the data necessary to decide the issue of infringement. A comparison of the material may be made upon this motion, and if it appears from such an inspection that defendants' contests have not infringed upon plaintiff's print, a great deal of time and expense may be saved by dispensing with the necessity of a protracted and costly trial. Christianson v. West Pub. Co., 9 Cir., 149 F.2d 202; Lowenfels v. Nathan, D.C.N.Y., 2 F.Supp. 73; Park v. Warner Bros., D.C.N.Y., 8 F.Supp. 37"; Lewis v. Kroger Co., D.C. S.D.W.Va., 109 F.Supp. 484.

The second cause of action in the counterclaim is dismissed.

■ Under some, if not all, of the allegations of unfair competition contained in the third cause of action, it would be possible to prove a state of facts which would sustain this part of the counterclaim. The motion to dismiss is, therefore, denied. The motion to dismiss the fourth cause of action is denied for the same reason.

Sur Plaintiff's Motion for an Order that the Case Be Tried without a Jury and Defendant's Demand for a Jury Trial

■ The action is for a declaratory judgment of patent invalidity and noninfringement. The defendant first filed an answer and counterclaim. The counterclaim asserted only one cause of action, namely, the infringement of the defendant's patent. The relief asked for was an injunction, an accounting for profits and damages, and an assessment for costs, etc. The counterclaim was a purely equitable action, the damages claimed being only the ordinary damages given as incidental to injunctive relief. There was no demand for a jury trial and, consequently, the defendant waived any right which it may have had to try the issues presented before a jury.

■■ The defendant now seeks, in effect, to revoke its waiver upon the patent issues involved by filing an amended counterclaim by which it adds a second,

a third and a fourth cause of action and amends, or offers to amend, its prayer for relief upon the first cause of action (the one asserted in the original counterclaim) by deleting the prayer for injunction. As to the first cause of action —the one based upon patent infringement—it is exactly the same in the amended counterclaim as in the original counterclaim. The right and the invasion of the right pleaded are the same, and it does not matter whether it is still equitable or has become legal. The point is that the defendant elected to have the facts making up his cause of action tried without a jury. If a cause of action is pleaded, and a jury trial waived, the pleader cannot revive his right to a jury trial merely by changing the character of the relief sought, the cause of action remaining the same.

The second cause of action pleaded in the amended counterclaim has been dismissed.

■ The third and fourth causes of action are for unfair competition and violation of the anti-trust laws respectively. The defendant's amendment to the prayers of the amended counterclaim as far as it applies to these causes of action is allowed. This leaves the counterclaim an action at law for damages as to both causes of action. The defendant has not waived a jury trial as to them and his motion will be granted. The amendment is allowable under the decision in Canister Co. v. Leahy, 3 Cir., 182 F.2d 510.

### Sur Defendant's Objections to Plaintiff's Requests for Admissions

■ The defendant has objected to a large number of the requests on the ground that they relate to irrelevant matters. These objections cannot be sustained. They are based upon the fact that the requests all relate to the history of Claim 1 of the patent which the defendant now concedes is not infringed. However, the complaint alleges an actual controversy between the parties citing a letter by the defendant to the plaintiff stating that the plaintiff was infringing "one or more claims of this patent" without identifying the claims, and the counterclaim as originally filed charges that the plaintiff is "infringing defendant's patent" generally. Under this state of the record, the plaintiff is entitled to have the Court pass upon the validity of Claim 1 as well as Claims 4 and 5, infringement of which is charged by the amended counterclaim. Whether the requests are proper on the ground that the admissions sought would be relevant upon the issue of prior public use raised by the plaintiff and directed to all of the claims need not be considered.

■ The objection that certain of the requests for admissions constitute "facts provable by the testimony of third parties and not necessarily within the knowledge" of the defendant's president, Margulis, is not valid. I think that the view stated in Moore's Federal Practice, Vol. 4, pp. 2712–2713, is in keeping with the spirit of the Rules: "But the proper view, in keeping with the purpose of securing admissions before trial to expedite the actual trial, would seem to be that where a request for admissions is made under Rule 36 [Fed.Rules Civ.Proc. 28 U.S.C.A.], a party must answer, even though he has no personal knowledge, if the means of information are reasonably within his power. Consistent with this view is the theory that it does not matter that the party *seeking* the admission is acquainted with the facts as to which admission is sought."

■ It is not denied that Margulis has personal knowledge of some, if not all, of the facts in question. As to those not within his personal knowledge he must answer such as are "reasonably within his power" and I construe that phrase to mean that they can be obtained from reliable sources without imposing undue hardship upon him. Under this ruling the defendant will make appropriate answers.

The objections to certain specific requests are disposed of as follows:

Objections are sustained as to requests Nos. 11, 27 and 28.

Objections are overruled as to requests Nos. 18, 26 and 30.