248

Leon **LEIGHTON**, Plaintiff,

v.

**NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY**, Defendant.

United States District Court
S. D. New York.

Dec. 28, 1964.

Sylvester & Harris, New York City, for plaintiff; Charles L. Sylvester, New York City, of counsel.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for defendant; Adolph Kaufman, Irving Rozen, Leonard Lipschutz, New York City, of counsel.

1. It appears that despite this pending litigation the plaintiff was retained by defendant to represent it in connection with other matters, and for this reason the case did not move forward. Had a notice of readiness been filed, the matter would have been disposed of by this time.

EDWARD WEINFELD, District Judge.

Plaintiff moves to strike defendant's demand for a jury trial served more than three and a half years after the case has been at issue as a nonjury matter. This action, wherein plaintiff seeks to recover a balance due for legal services rendered to the defendant, was commenced in February 1961. The defendant answered on March 15, 1961.[1] It waived its right to trial by jury by failure to file a demand. The action remained in nonjury posture until July 16, 1964, when substituted attorneys for the defendant moved pursuant to Rule 13(f) of the Federal Rules of Civil Procedure[2] to serve an amended answer to set forth "an inadvertently omitted counterclaim." The proposed amended answer repeated the original answer verbatim and, based upon substantially the previously pleaded affirmative defenses, asserted a compulsory counterclaim to recover the sums it had paid to plaintiff and which he had credited on account of his claim.

In support of its motion the defendant submitted a memorandum which, among other matters, stated:

"* * * No new factual matter is raised by the counterclaim; no additional facts are involved, and no new evidence is needed to enable the trier of the facts to determine whether the defendant will succeed on the counterclaim. The issue in this plaintiff's case is how much, if anything, he should be permitted to recover. * * * [I]t is merely a matter of mathematical computation to determine whether the defendant should get back any of the moneys paid to plaintiff."

2. "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

The plaintiff, although challenging the defendant's excuse for failure timely to serve the counterclaim, offered no objection and the motion was granted. The plaintiff replied to the counterclaim on August 26, 1964. Within ten days thereafter, on September 2, 1964, defendant served the jury demand, whereupon the plaintiff brought on the present motion to strike. The defendant, in opposing, relies upon Rule 38(b), which provides that a party may, with respect to "any issue triable of right by a jury," file a demand not later than 10 days after the service of "the last pleading directed to such issue."

The Court is of the view that in the circumstances of this case the order which relieved the defendant of its "inadvertence" in failing, at the time of its original answer, to serve its compulsory counterclaim and which by defendant's own representation to the Court raises no new factual issue did not at the same time relieve it of its waiver of a jury trial. Rule 38(b) does not command a different result, nor is it to be woodenly applied upon the mere service of a belated "last pleading." The authorities are in accord that "where the 10-day period of Rule 38(b) has run, an amendment of a pleading which does not introduce new issues will not give rise to the right to demand a jury." [3] Here the defendant, when it sought the Court's discretion for leave to serve the counterclaim, represented that it raised no new factual issue but was only a reassertion of its defense to obtain affirmative relief. An amendment which merely alters the character of the relief sought—here from a defense on a contract to a demand for repayment of moneys paid thereunder—does not revive the right to a trial by jury.[4] Defendant's insistence that the "last pleading" reference in 38(b) be literally applied has not been generally accepted.[5]

There is no reason, and defendant offers none, why its representation to the Court which resulted in leave to serve the "last pleading" with its counterclaim should not be taken at face value. Perhaps plaintiff might have been more alert and should have urged that leave to amend be conditioned upon continued waiver of trial by jury.[6] But his failure to do so does not relieve the defendant of its representation. Indeed, the record leaves little room to doubt that implicit in the granting of defendant's motion for leave to serve the amended answer with its counterclaim was that the case retain its nonjury status. It was not necessary to state so explicitly.[7]

The motion to strike the jury demand is granted.

---

3. 5 Moore, Federal Practice, ¶ 38.41, at 326 (2d ed. 1963 supp.). Accord, Ridge Theatre Corp. v. United Artists Corp., 27 F.R.D. 8 (E.D.Pa.1961); E. H. Tate Co. v. Jiffy Enterprises, Inc., 16 F.R.D. 571 (E.D.Pa.1954); Steinhardt Novelty Co. v. Arkay Infants Wear, Inc., 10 F.R.D. 321 (E.D.N.Y.1950); Reeves v. Pennsylvania R.R., 9 F.R.D. 487 (D.Del. 1949); 2B Barron & Holtzoff, Federal Practice & Procedure § 873, at 35–36 (1961 ed.). Cf. Alcoa S.S. Co. v. Ryan, 211 F.2d 576 (2d Cir. 1954); Moore v. United States, 196 F.2d 906 (5th Cir. 1952).

4. See, e. g., E. H. Tate Co. v. Jiffy Enterprises, Inc., 16 F.R.D. 571 (E.D.Pa. 1954).

5. See authorities at n. 3 supra.

6. See Alcoa S.S. Co. v. Ryan, 211 F.2d 576 (2d Cir. 1954).

7. Cf. Alcoa S.S. Co. v. Ryan, supra; Parissi v. Foley, 203 F.2d 454, 456 (2d Cir. 1953).