**CARDIAC PACEMAKERS,
INC., Appellee,**

v.

**CORATOMIC, INC., Appellant.**

**No. 82–1513.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1983.

Decided Jan. 17, 1983.

Larkin, Hoffman, Daly & Lindgren, Ltd., Robert J. Hennessey, Burd, Bartz, Gutenkauf, Robert W. Gutenkauf, Minneapolis, Minn., for appellant.

Timothy J. Malloy, Bradley J. Hulbert, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., Orrin M. Haugen, Haugen & Nikolai, Minneapolis, Minn., for appellee.

Before BRIGHT, ARNOLD and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Cardiac Pacemakers, Inc. (CPI), brought this action for a declaratory judgment against Coratomic, Inc. The case involves three patents on surgically implantable heart pacemakers owned by Coratomic. The District Court,[1] in a full but unpublished opinion, held that the three patents— No. 3,866,616, No. 3,987,799 (which later became Reissue Patent No. 30,028), and Design Patent No. 241,980—were invalid for obviousness. *Cardiac Pacemakers, Inc. v. Coratomic, Inc.,* 535 F.Supp. 280 (D.Minn. 1982). It further held the design patent invalid on the alternative ground that its design was dictated primarily by functional considerations. In the alternative, the Court held that none of the patents was infringed by any of the accused devices marketed by CPI.

We affirm the holding that the three patents are invalid for obviousness. The findings of fact on the underlying factual criteria by which obviousness is to be judged are not clearly erroneous. Nor is there any error of law in the District Court's analysis. It recognized that patents are presumed to be valid and simply found on the particular facts before it that the patented inventions were obvious to a person of ordinary skill in the art. Our holding as to validity makes it unnecessary for us to reach or discuss the question of infringement.

In addition to its attack on the holding of the District Court on the merits, Coratomic also argues that there was no jurisdiction over its person. We disagree with CPI's claim that this jurisdictional claim was waived, but we agree with the District Court that Coratomic's contacts with the State of Minnesota were sufficient

---

1. The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minne-   sota.

to constitute the transaction of business within the State within the meaning of Minn.Stat.Ann. § 543.19 subd. 1(b), and that the Minnesota long-arm statute, as thus construed and applied, does not violate the Due Process Clause of the Fourteenth Amendment. For a fuller statement of reasons, see the District Court's separate opinion on the question of jurisdiction, *Cardiac Pacemakers, Inc. v. Coratomic, Inc.,* 201 U.S.P.Q. 679 (D.Minn.1979), with which we are in substantial agreement.

■ Coratomic also urges that the District Court erred in striking its demand for trial by jury on the issue of infringement of its patents by CPI's Microthin line of pacemakers. This issue was added by Coratomic's amended and supplemental counterclaim for infringement. No party had previously demanded trial by jury. We hold that the jury demand was properly stricken. The amended counterclaim added no new issue of substance. Although the original complaint, filed in 1978, related only to CPI's Microlith line, because the Microthin line was not introduced until 1980, evidence as to the later-developed product would have been admissible under the original pleadings. Filing of the amended counterclaim should therefore not trigger anew the running of the ten-day period for jury demands under Fed.R.Civ.P. 38. Furthermore, no practical effect would be produced if we agreed with Coratomic on this point. The issue on which it claims to have been wrongly deprived of trial by jury relates only to infringement. The validity of all three patents had already been placed in issue by the unamended pleadings. We are agreeing with the District Court on invalidity, so there is no necessity to decide whether some error might have been committed with respect to infringement.

This case involves only the application of well-settled principles to particular facts. It is unlikely to have substantial precedential value. We therefore affirm without further discussion. See 8th Cir.R. 14.

Affirmed.