**BRICKS, BLOCKS & CONCRETE CO., INC., United States of America for the use and benefit of, Appellant,**

v.

**FRONTIER INSURANCE COMPANY and Cosmopolitan Contractors Incorporated, Appellees.**

No. 01–7094.

United States Court of Appeals, District of Columbia Circuit.

April 30, 2002.

Before GINSBURG, Chief Judge, and SENTELLE, and HENDERSON, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court and on the briefs of the parties. It is

ORDERED AND ADJUDGED that the judgment of the District Court be affirmed for the reasons given in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM*

The last time this case was before the court we considered and rejected a number of BBC's challenges to the judgment entered by the district court in favor of Frontier. *Bricks, Blocks & Concrete Co. v. Frontier Ins. Co.*, No. 99–7251 at 1, 2000 WL 1838579 (D.C.Cir.2000) (*BBC*). We determined, however, that the judgment had to be reversed and the matter remanded for consideration of two issues: (1) whether BBC's Rule 39(b) motion for a jury trial should be granted, given that—contrary to the understanding of the district court—BBC had submitted a proposed order with its motion, as required by the local rules and (2) whether BBC could make out an anticipatory repudiation defense, which required a determination of

(a) "whether BBC was able to perform when Cosmopolitan abandoned the contract," and (b) "whether BBC's breach was material or partial." *Id.* at 1–4.

On remand the district court again denied BBC's motion for a jury trial because (1) the motion was untimely, (2) BBC offered no reason for waiving its Rule 38(b) right other than inadvertence, (3) BBC offered no reason the court should in its discretion switch from a bench trial to a jury trial, and (4) BBC violated certain local rules. *BBC,* No. 97–2121 at 6 (D.D.C.2001). The district court also held that at the time of Cosmopolitan's repudiation BBC was unable properly to perform the contract, and that BBC's breach was material. *Id.* at 6–11. The district court therefore again entered judgment in favor of Frontier. BBC now appeals the new judgment but addresses itself entirely to issues other than those newly decided by the district court on remand. Instead, BBC raises one argument already considered and rejected by this court in its first appeal and one argument that it failed timely to raise before the district court.

BBC claims that its motion for a jury trial should be considered a timely demand because Frontier's counterclaim reopened the window in which it could demand a jury trial. BBC made the same argument the last time it was here, *see* Blue Brief 14–18, Gray Brief 6–16, and we rejected it. *BBC,* No. 99–7251 at 1 ("[W]e agree with the district court that BBC's motion was not timely under Rule 38").

Because the argument BBC now makes was considered and rejected by this court in BBC's first appeal, it is now the law of the case that BBC's jury demand was untimely. As such, we are subject to the following constraint: "The Supreme Court has instructed the lower courts to be loathe to reconsider issues already decided in the absence of extraordinary circum-stances such as where the initial decision was clearly erroneous and would work a manifest injustice." *LaShawn A. v. Barry,* 87 F.3d 1389, 1392 (D.C.Cir.1996).

BBC's jury demand argument is not completely without force, but it hardly demonstrates that our initial decision was clearly erroneous, let alone that it would work a manifest injustice. If a counterclaim is filed with a defendant's answer, either side may, within 10 days of the plaintiff's reply to the counterclaim, demand a jury trial on the issues raised in the counterclaim; if the issues raised in the counterclaim are the same as those raised in the complaint, the demanding party has a right to a jury on the issues in the complaint as well as those in the counterclaim. *See* 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2320; *Bentler v. Bank of America Nat'l Trust and Savings Assoc.,* 959 F.2d 138, 141 (9th Cir. 1992); *United States v. Anderson,* 584 F.2d 369, 372 (10th Cir.1978). It is also settled, however, that if a party amends a pleading, the amendment does not revive any jury trial right already waived; a jury may be had only to the extent the amendment raises new issues. *See* 9 Wright & Miller § 2320; *Rosen v. Dick,* 639 F.2d 82, 94–96 (2d Cir.1980); *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 620 (9th Cir.1979); *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir.1973).

Less clear is whether an amended answer that for the first time asserts a counterclaim (raising the same issues raised by the complaint) reopens the time in which a party may demand a jury trial. The general rule for counterclaims would suggest that the clock is restarted, but the amended pleading rule might indicate that it is not. There are very few cases that address this precise situation, however. The Eighth Circuit, in *Curry v. Pyramid Life Ins. Co.,* 271 F.2d 1, 6 (1959), held that a

counterclaim, even though filed after the answer, restarted the clock for demanding a jury trial. Wright & Miller, on the other hand, maintain that *Curry* was wrongly decided because the court should have treated the counterclaim as an amended pleading. *See* 9 Wright & Miller § 2320 at 150–51 n. 9. Two district court cases have held that a counterclaim in an amended answer should be treated as an amended pleading and that the defendant's jury demand was therefore untimely. *See Pyramid Co. v. Homeplace Stores Two, Inc.,* 175 F.R.D. 415 (D.Mass.1997); *Leighton v. New York, Susquehana and Western R.R. Co.,* 36 F.R.D. 248, 249 (S.D.N.Y.1964). Thus, the relevant authorities do not clearly indicate whether Frontier's counterclaims should have been deemed to reopen the window in which BBC could demand a jury trial. It is also far from clear that BBC's motion for a jury trial would count as a demand for a jury trial with respect to the issues in the counterclaim. The motion was filed almost two months before the counterclaims were added. Because it is not clear that Frontier's counterclaims revived BBC's right to demand a jury or that BBC did demand a jury once its right to do so was assertedly revived, our conclusion that BBC's demand was untimely is not clearly erroneous. Therefore it is the law of the case that BBC's demand was untimely. Accordingly, we affirm the district court's denial of BBC's Rule 39(b) motion.

BBC also argues on this appeal that even if it materially breached the contract by doing inadequate work, Frontier cannot recover on the contract unless Cosmopolitan "was capable of performing the contract." Blue Brief at 16. Frontier responds that BBC cannot raise this argument on appeal because BBC failed to make it in the district court prior to the first appeal. Red Brief at 14–15. BBC does not reply to this argument.

We conclude that Frontier is correct. BBC did not answer Frontier's counterclaim (at the district court's suggestion), did not move to dismiss the counterclaim, did not move for summary judgment, and did not articulate in its post trial memorandum to the court the defense it would now raise on appeal. *See* BBC's Supplemental Facts & Conclusions of Law. Nor do we have reason to believe that BBC raised this defense at the trial itself. Finally, BBC has made no effort to demonstrate that there are any exceptional circumstances to excuse its oversight, and we discern none. Therefore, we will not consider BBC's argument that Frontier cannot recover because Cosmopolitan was unable to perform its end of the contract. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084–85 (D.C.Cir. 1984). Consequently, we affirm the district court's entry of judgment in favor of Frontier on its breach of contract claim.