WOODALL, Justice.
Robert S. Grant Construction, Inc. (“the corporation”), Robert S. Grant (“RSG”), and Pam E. Grant (“PEG”) (the corporation, RSG, and PEG are hereinafter collectively referred to as “the Grants”) appeal from an order striking their jury demands in an action commenced by Frontier Bank (“the bank”) against the Grants and others alleging breach of contract, fraud, and the fraudulent conveyance of real estate. We dismiss the appeal.
This case arises out of a loan from the bank to the corporation. The loan ultimately involved a number of related agreements, including a construction-loan agreement (“the agreement”) between the corporation and the bank and a series of “continuing guaranties” (“the guaranties”), whereby RSG personally guaranteed re *902 payment of the loan. Each of the guaranties contained the following provision:
“24. JURY TRIAL WAIVER. LENDER AND GUARANTOR HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CIVIL ACTION ARISING OUT OF, OR BASED UPON, THIS GUARANTY.”
(Capitalization in original.) The agreement contained a similar provision:
“24. JURY TRIAL WAIVER. BORROWER AND LENDER HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY CIVIL ACTION ARISING OUT OF, OR BASED UPON, THIS AGREEMENT.”
(Capitalization in original.)
On May 19, 2010, Frontier sued the Grants. As last amended, its complaint essentially alleged (1) breach of contract obligations and default on the loan against the corporation; (2) breach of the guaranties against RSG; (3) liability under the Alabama Uniform Fraudulent Transfer Act, Ala. Code 1975, § 8-9A-1 et seq. (“the Act”); (4) misrepresentation and suppression against RSG; and (5) fraud and conspiracy against RSG and PEG. The Grants filed an answer “demanding] a trial by [a] struck jury as to all issues in this case.”
Frontier moved, largely on the basis of the waiver provisions in the guaranties and the agreement, to strike the jury demands of the corporation and RSG as to all Frontier’s claims against'them. It also moved to strike the jury demand of PEG as it related to the claim against her under the Act. On January 13, 2011, the trial court granted Frontier’s motion and purported to certify the order granting the motion as a final judgment pursuant to Ala. R. Civ. P. 54(b). From that order, the Grants appealed.
On appeal, the Grants concede that the waiver provisions in the guaranties and the agreement preclude a jury trial on the breach-of-contract claims. They contend, however, that the tort claims neither “arise out of’ nor are “based on” the guaranties or the agreement. They also insist that the claims asserting liability under the Act are triable to a jury. However, we are unable to reach the merits of the Grants’ contentions, and we dismiss the appeal because, despite the invocation of Rule 54(b), the trial court’s order is not final and appealable.
It is well settled that, “[i]f an order does not completely dispose of or fully adjudicate at least one claim, a court’s Rule 54(b) certification of the order is not effective.” Grantham v. Vanderzyl, 802 So.2d 1077, 1080 (Ala.2001) (emphasis added). It is clear to this Court that a jury demand is not a “claim.” See Sledge v. IC Corp., 47 So.3d 243 (Ala.2010). See also Howard v. Parisian, Inc., 807 F.2d 1560, 1566 (11th Cir.1987) (“Because an order denying a jury demand does not dispose entirely of a claim but leaves the claim pending for a bench trial, it is an interlocutory order.... Therefore, the order was not subject to certification under Rule 54(b)[, Fed R.Civ.P.].”). Because a jury-trial demand is not a claim contemplated to be made final by Rule 54(b), the purported certification order was ineffective to confer appellate jurisdiction over this case.[1]
It is only in the context of an otherwise final and appealable judgment that an interlocutory order denying a jury demand merges with the final judgment and becomes reviewable by way of appeal. In other words, “[a] ‘party may have review *903 of the denial of a jury on an appeal from the final judgment.’ ” Bowdry v. United Airlines, Inc., 58 F.3d 1483, 1489 (10th Cir.1995) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 2322, at 175 (1995)) (“[T]he summary judgment in this case disposed of these appellants’ only remaining claim, completely terminating their action. Once certified under Rule 54(b), that judgment was final. All prior interlocutory judgments affecting these appellants merged into the final judgment and became appealable at that time.”). See also Nationwide Mut. Fire Ins. Co. v. Pabon, 903 So.2d 759, 765 (Ala.2004) (“This Court has addressed the denial of a jury demand on appeal. See Poff v. Hayes, 763 So.2d 234 (Ala.2000) (on appeal from a judgment entered after a bench trial, this Court held that the trial court erred in striking the plaintiffs demand for a jury trial); Baggett v. Sims, 387 So.2d 792 (Ala.1980) (on appeal from a judgment entered after bench trial, this Court held that the trial court erred in overruling the plaintiffs demand for a jury trial). Under the procedural posture of this case [appeal from a judgment entered on a jury verdict], the trial court was within its right to revise the earlier order setting the coverage issue for a nonjury trial.”).
This case is clearly distinguishable from Pabon, Poff, and Sims in that this appeal does not come to us in the context of an otherwise final judgment. Because the Rule 54(b) certification was ineffective to confer appellate jurisdiction on this Court, the appeal is dismissed.
APPEAL DISMISSED.
MALONE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. See James v. Rane, 8 So.3d 286, 288 (Ala.2008) (absence of a final judgment deprives the appellate court of jurisdiction); Ex parte PinnOak Res., LLC, 26 So.3d 1190, 1198 (Ala.2009) (appellate courts notice the absence of jurisdiction ex mero motu).