BOLIN, Justice.
North American Adjusters, Inc. (“North American”), petitions this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its December 2, 2015, and December 4, 2015, orders denying a jury trial in this case because the written jury demand endorsed on the plaintiffs complaint was not signed. We grant the petition and issue the writ.

I. Facts and Procedural History

On May 2, 2018, Jeffery Saulsberry, acting pro se, filed a verified complaint against Green Tree Financial, LLC,[1] Daniel Patrick Hood, and fictitiously named defendants, asserting claims of trespass; invasion of privacy; conversion; negligence; and theft of property, see § 6-5-370, Ala.Code 1975. Saulsberry included at the end of his complaint a demand for “A Trial By A Struck Jury,” and for each of his asserted claims he sought compensatory and punitive damages “in an amount to be determined by the Jury.” Additionally, a notation of a requested jury demand appears on the civil cover sheet, which Saulsberry served simultaneously with the summons and complaint.
In June 5, 2014, Saulsberry added as defendants North American and American Bankers Insurance Company of Florida (“American Bankers”). According to North American, American Bankers has yet to be properly served. On November 12, 2015, after North American learned that the trial court would be removing the case from its jury docket and placing it on a nonjury docket, it filed a motion to certify that the case would be tried by a jury.
On November 27, 2015, Saulsberry filed an amended complaint seeking to, among other things, withdraw the jury demand on the ground that it was “without proper attestation.” On December 2, 2015, the trial court entered an order denying North American’s motion to certify that the case would be tried by a jury; the trial court noted in its order that a “Jury Demand may be endorsed upon a pleading; none has been done in this case.” North American thereafter filed a motion to reconsider the December 2, 2015, order. North American argued in this motion that, pursuant to Rule 38(d), Ala. R. Civ. P., once a demand for a jury trial has been made, the demand cannot be withdrawn unless all active parties to the litigation agree; North American stated that it had not consented to the withdrawal of the jury demand. On December 4, 2015, the trial court entered an order denying North American’s motion to reconsider on the ground that the “Jury Demand was not Endorsed (Signed).” On December 14, 2015, North American petitioned this Court for a writ on mandamus; this Court then ordered answers and briefs.

II. Standard of Review

“A petition for a writ of mandamus is the appropriate vehicle for seeking review by this Court of a denial of a demand for a jury trial. ‘Mandamus is an extraordinary remedy, however, requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ Ex parte Jackson, 737 So.2d 452, 453 (Ala.1999) (quoting Ex parte *1217 Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Because mandamus is an extraordinary remedy, the standard of review on a petition for a writ of mandamus is whether there is a clear showing of error on the part of the trial court. Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987).”
Ex parte Atlantis Dev. Co., 897 So.2d 1022, 1024 (Ala.2004).

III. Analysis

At the outset, we emphasize that “[pjublic policy, the Alabama Rules of Civil Procedure, and the Alabama Constitution all express a preference for trial by jury.” Ex parte AIG Baker Orange Beach Wharf, L.L.C., 49 So.3d 1198, 1200-01 (Ala.2010). Rule 38, Ala. R. Civ. P., establishes the procedure for invoking, the right to a trial by jury. Rule 38 states, in relevant part:
“(a) Right preserved. The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate.
“(b) Demand. Any party may demand a trial by jury -of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury.
[[Image here]]
“(d) Waiver. The, failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties except where an opposing party is in default under Rule 55(a). The failure to appear, in person or by counsel, at the trial is a waiver of trial by jury. A party seeking affirmative relief may withdraw that party’s demand for a jury as to any defaulting party without the consent of that party and have that party’s damages assessed by the court without a jury.”
North American contends in its petition that the trial court erred in denying a jury trial in this ease because, it argues, Sauls-berry filed a verified complaint; a written demand for a jury trial was endorsed on that complaint; and once the demand was made, it could not be withdrawn “without the consent of the parties except where an opposing party is in default under Rule 55(a)[, Ala. R. Civ. P.].” As previously indicated, the trial court denied North American’s motion to certify that this case would be tried before a jury on the ground that the jury demand endorsed on the complaint was not signed, the effect of which, according to the trial court, constituted a waiver of the jury demand.
Rule 38(b) establishes the requirements for invoking the right to a trial by jury: (1) that the jury demand, which may be endorsed upon the pleading, must be in writing, and (2) that the jury demand, to be timely, must be made “at any time after the commencement of the action,” but no later than “thirty (30) days after the service of the last pleading directed to such issue.” Nothing in Rule 38(b) requires that an endorsement of a jury demand on a complaint be signed. Rather, Rule 38(b) requires only that the demand be in writing and that it be timely served. The record on review demonstrates that both requirements were met insofar as the complaint, filed May 2, 2013, contained a written demand for a jury trial, i.e., the jury demand was endorsed on the complaint, *1218 and the jury demand was timely insofar as it was made at the time the action was commenced. See, e.g., Western Union Tel. Co. v. Merrill, 144 Ala. 618, 623, 39 So. 121, 123 (1905), in which the defendant moved to strike a case from the jury docket on the ground that the demand for a jury trial, which was endorsed on the complaint, was not signed by the plaintiff or by his attorney. This Court stated:
“There was no merit in the motion to continue the case or to strike it from the jury docket because the demand for a jury endorsed upon plaintiffs complaint was not signed by him or his attorney.
“The act requiring the demand for a jury to be endorsed on the pleadings does not make such a requirement mandatory — -Acts 1896-7, p. 808, § 11. The demand for a jury is not a pleading within rule 4 of practice, found on page 1186 of the Code [of 1896].”
See also, e.g., Ex parte Florida Nursery & Trading Co., 201 Ala. 97, 98, 77 So. 391, 392 (1917)(holding that “the statute does not require the indorsement of the demand for the jury to be signed by any one, but only requires the demand to be indorsed on the summons and complaint. It thereupon becomes a part of the summons and complaint, and the signing of the complaint is sufficient evidence of the genuineness of the demand by the plaintiff.”).
Because the requirements of Rule 38(b) were met in this case, Saulsberry could not withdraw the jury demand without the consent of the parties “except where an opposing party is in default under Rule 55(a)[, Ala. R. Civ. P.].” Rule 38(d). As previously indicated, North American states that neither it nor any other party is in default and that it has not consented to Saulsberry’s attempt to withdraw the jury demand. See, e.g., Staik v. Jefferson Fed. Sav. & Loan Ass’n of Birmingham, 434 So.2d 763, 765 (Ala.1983)(stating that “[t]he requirement of the opposite party’s consent to the withdrawal of the other’s jury demand is based upon fairness. If one party has already demanded a jury trial, the opposite party need not do so, and he can rely on the demand made by his opponent and know that he cannot be ambushed by the withdrawal of that jury demand without his consent.”). North American in this case has relied upon the jury demand made by Saulsberry in the original complaint. Because North American has not consented to the waiver of the jury demand, it has shown a clear legal right to a trial by jury on the claims asserted in Saulsberry’s complaint upon which North American has been called to defend. Accordingly, the trial court exceeded its discretion in denying a jury trial in this case.

TV. Conclusion

North American has shown “(1) a clear legal right ... to the order sought; (2) an imperative duty upon [the trial court] to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). Accordingly, we grant North American’s petition for a writ of mandamus and direct the trial court to vacate its December 2, 2015, and December 4, 2015, orders finding that there had been no “indorsement upon a pleading” because the endorsement was not signed.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and MURDOCK, MAIN, and BRYAN, JJ., concur.

. On November 9, 2015, the trial court entered a summary judgment, in favor of Green Tree.