0898

Howard P. KING, Respondent v. C. B. SHORTER, Appellant.
(354 S. E. (2d) 402)

Court of Appeals

*Francis T. Draine,* of Columbia, *for appellant.*

*Stephen G. Morrison* and *Charles R. Norris,* both of *Nelson, Mullins, Grier & Scarborough,* of Columbia, *for respondent.*

Heard Jan. 21, 1987.

Decided March 16, 1987.

GARDNER, Judge:

Howard P. King (King) sued C. B. Shorter (Shorter) on a note he co-signed as endorser and had to pay for Shorter; no demand for jury trial was made; Shorter answered asserting as a defense fraud and coercion and counterclaimed asserting causes of action for (1) malpractice, (2) fraud and deceit and (3) breach of trust and fiduciary relationship; no de-. mand for jury trial was made. Shorter then amended his answer and counterclaimed by adding a cause of action for outrage. The clerk of court notified the parties that the case was on the non-jury calendar. King then served a notice to amend his complaint; he abandoned this motion. Shorter then served a motion to amend his answer and counterclaim in order to assert an action for unfair trade practices and to transfer the case to the jury calendar. All of Shorter's counterclaims involved the same set of facts. The trial judge denied the motion to transfer the case to the jury calendar but allowed Shorter to again amend his answer and counterclaim. We affirm.

Rule 38, S.C.R.C.P. provides in section (b) and (d) that:

> 38(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.
> 38(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. . . .

The only issue of merit is whether the trial judge erred by denying Shorter's motion to transfer the case to the jury calendar while at the same time allowing Shorter's motion to amend his pleadings.

Shorter served three sets of pleadings and failed to request a jury trial. King had failed to request a jury trial, and

the case was assigned to the non-jury roster. The record does not disclose a reason for Shorter's failure to demand a jury trial prior to serving his last answer and counterclaim and Shorter concedes this.

Shorter argues that the final amendments of pleadings, filed November 25, 1985, by which he alleged a cause of action under the Unfair Trade Practices Act entitles him to a jury trial at least as to the issues raised in those amended pleadings.

This particular question has not been presented to the South Carolina courts since the effective date of the S.C.R.C.P. Our rule is substantially the same as Fed. R. Civ. P. 38. Under the federal cases, a litigant's entitlement to a jury trial on the issues presented by an amended pleading, when no prior demand for a jury trial has been made, turns on whether the amended pleadings create new issues of fact. In the case of *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F. (2d) 1045 (9th Cir. 1974), the court held that where the plaintiff failed to move for a jury trial on his first five claims, but did make a timely demand for a jury trial on an amended complaint which added sixth and seventh claims, a motion for jury trial was determined to be properly denied because the new claims failed to create new issues of fact. *See also New Hampshire Fire Ins. Co. v. Perkins*, 28 F.R.D. 588 (D. Del. 1961); *Williams v. Farmers and Merchants Ins. Co.*, 457 F. (2d) 37, 18 A.L.R. Fed. 748 (8th Cir. 1972).

We have carefully analyzed the allegations by Shorter in each of his pleadings and find that they involve essentially the same facts. We therefore hold, under the above authorities, that the trial judge did not abuse his discretion in either allowing Shorter's amended pleading or in denying his motion to transfer the case to the jury calendar. And we so hold.

For the foregoing reasons, the appealed order is affirmed.

Affirmed.

SHAW and BELL, JJ., concur.