2121

Larry M. PATTERSON, Appellant v. McNEILL-PATTERSON
& ASSOCIATES, INC., Respondent.

(441 S.E. (2d) 328)

Court of Appeals

*G. Ray Harris*, Spartanburg, *for appellant.*

*Perry D. Boulier*, of *Holcombe, Bomar, Cothran & Gunn*, Spartanburg, *for respondent.*

Submitted Dec. 7, 1993.

Decided Jan. 24, 1994.

Amended & Ref. Feb. 14, 1994.

GOOLSBY, Judge:

Plaintiff Larry M. Patterson appeals from the trial court's grant of a jury trial pursuant to Rule 39(b), SCRCP, to defendant McNeill-Patterson. We affirm.[1]

Patterson filed a summons on February 26, 1991, and an amended complaint on April 22, 1992, requesting a nonjury trial. In its answer, McNeill-Patterson made no demand for a

---

[1] We decide this case without oral argument because oral argument would not aid the Court in resolving the issues.

jury trial either by endorsing the demand upon the pleading or by serving the demand in writing within ten days after service of the last pleading in accordance with Rule 38(b), SCRCP.

On April 7, 1992, McNeill-Patterson moved for a jury trial, asserting it did not make the demand "through inadvertence." McNeill-Patterson also argued a jury trial would neither prejudice Patterson nor delay the case. The court agreed and ordered the case placed on the jury roster. The jury found for McNeill-Patterson. This appeal followed.

Under the South Carolina Rules of Civil Procedure, "the court *in its discretion* upon motion may order a trial by jury of any or all issues." Rule 39(b), SCRCP (emphasis added).[2] Further, "[a] party's failure to make a timely demand for a jury trial does not mean the opposing party acquires a right to have, as a matter of law, a non-jury trial." *Hannah v. United Refrigeration Services, Inc.,* 305 S.C. 394, 394, 409 S.E. (2d) 360, 361 (1991).

While we decline to determine whether mere "inadvertence" is sufficient to warrant an order granting a jury trial under all circumstances,[3] here we find no reversible error because the court found Patterson would suffer no prejudice.

Patterson argues he was prejudiced because McNeill-Patterson chose "the mode of trial after having the merits of [Patterson's] case thoroughly explored and revealed through more than a year of pre-trial procedures."[4] The South Carolina

---

[2] Notably, Rule 39(b) does not expressly limit the court's discretion in ordering a trial by jury where a party has not made a proper demand under Rule 38, SCRCP, *Cf.* Rule 55(c), SCRCP (requiring a showing of "good cause" before this court may set aside an entry of default); Rule 60(b), SCRCP (requiring a showing of one of five enumerated reasons before a court may grant relief from a judgment).

[3] Federal courts disagree on how courts should exercise discretion when ruling on a Rule 39(b) motion. Some courts hold the motion should be granted in the absence of strong and compelling reasons to the contrary. 9. CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2334 at 113 (1971). Other courts require a showing of special circumstances sufficient to warrant excusing the oversight or default. *Id.* Appellate courts rarely interfere, however, with the trial court's decision to grant or deny the motion. *Id.* at 123; 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 39.09 at 39-21 (2d ed. 1993) (because the grant or denial of relief from a waiver is committed to the trial court's discretion, appellate courts normally refuse to interfere).

[4] Patterson does not argue the trial court's decision unduly delayed the scheduling of the trial.

Rules of Civil Procedure, however, permits a defendant to fully investigate the merits of a plaintiff's case. Irrespective of the mode of trial, McNeill-Patterson conducted no more than the extent of discovery permitted by the South Carolina Rules of Civil Procedure. Patterson's assertion that McNeill-Patterson enjoyed some tactical advantage, therefore, is speculative and without merit.

Affirmed.

HOWELL, C.J., and CURETON, J., concur.