**PYRAMID COMPANY OF HOLYOKE, Plaintiff,**

v.

**HOMEPLACE STORES TWO, INC. et al., Defendants.**

No. CIV. A. 96–30253–MAP.

United States District Court, D. Massachusetts.

Sept. 9, 1997.

---

Paul A. Murphy, Williams & Connolly, Washington, DC, Terry Philip Segal, Burns & Levinson, Boston, MA, for Plaintiff.

Joseph F. Shea, Allison W. Allen, Nutter, McClennen & Fish, Boston, MA, Michael H. Diamant, Cleveland, OH, for Defendants.

## MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' MOTION TO AMEND ANSWER

NEIMAN, United States Magistrate Judge.

The underlying lawsuit concerns the efforts of Plaintiff, Pyramid Company of Holyoke ("Pyramid"), to enforce the terms of a Letter of Intent with Defendants HomePlace Stores Two, Inc., and HomePlace Holdings, Inc., (collectively "HomePlace"), to lease a retail facility located within the Holyoke Mall. In its motion before the Court, Home-Place seeks to amend its answer in order to add three counterclaims against Pyramid: fraudulent misrepresentation, negligent misrepresentation and violations of Massachusetts General Laws ch. 93A. HomePlace also seeks to add a demand for a jury trial. Reserving its right to move to dismiss the counterclaims, Pyramid responds that it will not object to the amended answer provided that the jury demand be stricken. (*See* Pyramid's Memo. (Docket No. 22) at 2 n. 1.) For the reasons set forth below, the Court allows HomePlace's motion to amend, but only in part.

## BACKGROUND

When Pyramid and HomePlace entered into lease negotiations, one of HomePlace's chief priorities was that it not be in direct competition with another store in the mall. Although the parties' Letter of Intent has no exclusivity provision, HomePlace contends that it was understood that HomePlace would be the only store in the mall selling high-end bath fixtures. After signing the Letter of Intent, however, HomePlace became aware of the opening of a Lechmere Home Image store, which HomePlace considers a direct competitor.

In its complaint, Pyramid averred that HomePlace breached its contract with Pyramid and, as a remedy, sought specific performance or treble damages. In its answer, HomePlace denied Pyramid's claims and, among other affirmative defenses, stated that it was fraudulently induced to sign the Letter of Intent and should not be bound to any contract. HomePlace did not request a jury trial.

The amended answer which HomePlace now seeks to file, in accord with the pre-trial scheduling order of March 26, 1997 (Docket No. 15), contains three counterclaims, all of which arise out of a letter written to Pyramid from Montgomery Ward, Lechmere's parent company. The letter was written one month before Pyramid signed its Letter of Intent with HomePlace and notified Pyramid of Montgomery Ward's intention to open a

Lechmere Home Image store in the mall. The letter was not discovered by HomePlace until after its original answer had been filed.

## DISCUSSION

The standard to be applied to a motion to amend is outlined in Rule 15(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has indicated that this liberal amendment policy of Rule 15(a) is a mandate to be heeded. *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962). The Supreme Court described the policy as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 181–82, 83 S.Ct. at 230. *See also Executive Leasing Corp. v. Banco Popular de P. R.,* 48 F.3d 66, 71(1st Cir.1995) (citing *Foman,* 371 U.S. at 182, 83 S.Ct. at 230). With these standards in mind, there is little question that Rule 15(a) would allow Home-Place to file the counterclaim set forth in its amended answer. Pyramid appears to concede as much, simply reserving its right at a later date to challenge the three counts in the counterclaim in a dispositive motion.

The true issue before the Court, therefore, is whether HomePlace, in its amended answer, can also demand a jury trial when it had not done so originally. On this issue, Pyramid makes two claims: first, that Home-Place waived its right to a jury trial in the Letter of Intent, the document which forms the basis of this litigation, and second, that HomePlace failed to file a timely jury demand in accordance with Rule 38 of the Federal Rules of Civil Procedure.

In support of its first claim, Pyramid proceeds apace to an interpretation of the Letter of Intent with hardly a glance at the standards by which requests to amend pleadings are measured. With reference to those standards, the Court assumes, at bottom, that Pyramid believes that the amendment would be futile since, in its view, the parties' contract precludes a jury demand. A review of the parties' respective positions, however, makes clear that an issue exists with respect to the contractual jury waiver. Accordingly, at least at this stage in the proceedings, there is no indication that the amendment—to the extent it seeks a jury trial—would "be futile" or "serve no legitimate purpose." *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 (1st Cir.1990). In short, Pyramid's first argument provides insufficient justification at this time to deny HomePlace the opportunity to amend its complaint and demand a jury trial. *See* Deborah J. Matties, *A Case for Judicial Restraint in Interpreting Jury Trial Waivers in Federal Court,* 65 Geo. Wash. L.Rev. 431 (1997).

In contrast, Pyramid's second argument, grounded in Fed.R.Civ.P. 38, has significant merit. Rule 38 preserves the Seventh Amendment right to a trial by jury, but incorporates commands as to how that right may be exercised. Specifically, subsection (b) of Rule 38 provides that

> [a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Fed.R.Civ.P. 38(b). Subsection (d) further mandates that "[t]he failure of a party to

serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d). Accordingly, a party's right to a jury trial is waived if a demand is not made within ten days of "the last pleading directed to such issue." Fed. R.Civ.P. 38(b).

█ "[I]f the only pleadings in the case are the complaint and the answer, the demand for jury trial must be served not later than ten days after service of the answer." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2320, at 148 (2d ed.1995) (footnote omitted). Where an amended pleading is filed, as here, the ten-day period does not begin to run anew if the amendment fails to add any new issues:

> [an] amendment [to the pleadings] does not revive a right to jury trial previously waived on the issues already framed by the original pleadings. Thus, if the amended or supplemental pleading does not raise a new issue, but merely changes the theory of the case or the relief requested, then a jury trial right waived by a failure to demand in connection with the original pleading is not revived. Moreover, a late demand does not create a right to jury trial on issues raised by the amended or supplemental pleadings if those issues were raised fairly by the original pleadings....

Wright & Miller, § 2320, at 154–56 (1995 & Supp.1997) (footnotes omitted). *See also Cardio–Med. Assocs., Ltd. v. Crozer–Chester Med. Ctr.*, 95 F.R.D. 194, 196 (E.D.Pa.1982) ("It is well settled that, if the original pleadings in an action effectively waive trial by jury under rules 38(b) and (d), the right to trial by jury of *all matters contained in those pleadings* cannot be revived by subsequent amendment of the original pleadings.") (emphasis added), *aff'd* 721 F.2d 68 (3d Cir.1983).

There is no question that HomePlace waived its right to a jury trial when it made no such demand in its original answer. As indicated, by including a jury demand in its proposed counterclaim, HomePlace seeks to revive that right. In so doing, however, HomePlace attempts to bypass the issue analysis described by Wright & Miller, arguing in the first instance that the counterclaim is not an amendment to an existing pleading but a new pleading for Rule 38 purposes. Accordingly, HomePlace maintains that the ten day period in which to file a jury demand would begin anew were the Court to allow its motion. Because Pyramid has not yet replied to its counterclaim, HomePlace contends, its jury demand is timely.

The analysis offered by HomePlace turns Rule 38 on its head. First, HomePlace's motion, by its very terms, is "for leave to amend answer to add counterclaim and jury demand." As such, the motion falls well within the strictures of Rule 38 and per force recognizes that the original answer was a "pleading" for purposes of Rule 38. *See also* Fed.R.Civ.P. 7(a).[1] The cases upon which HomePlace relies do not suggest otherwise; if anything, they recognize that an issue analysis, requiring a comparison of the amended pleading with the original pleading, is still necessary to determine if a jury trial may be properly demanded. *See In Matter of Texas Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir.1995) ("In *Guajardo [v. Estelle,* 580 F.2d 748, 753 (5th Cir.1978) ], we held that amended pleadings that do not introduce new issues of fact do not renew a right to jury trial that has been waived[ ]"); *Williams v. Farmers & Merchants Ins. Co.*, 457 F.2d 37, 38 (8th Cir.1972) ("Once waived, the right [to a jury trial] is revived by amendments to the pleadings only if new issues are raised in such amendments[ ]"). Were the Court to follow HomePlace's lead, any defendant could automatically resuscitate a waived jury demand simply by amending its original answer and adding a counterclaim.

█ As to whether the issues in the answer and the proposed amendment are the same under Rule 38, a point at which the

---

1. Rule 7(a) provides as follows:
   Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

parties obviously disagree, the First Circuit has delineated the requisite analysis:

> One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute. If the factual allegations underlying two claims are the same or if the issues turn on the same matrix of facts the issues are the same. It is both the similarity of facts and the similarity of the matrix—the legal framework in which facts are analyzed—that make issues the same. On the other hand, slight modifications in facts or in the legal theories presented will not usually render issues different.

*In re N-500L Cases,* 691 F.2d 15, 23 (1st Cir.1982) (citations and internal quotation marks omitted). Although the question determined in N-500L involved the pleadings of distinct parties, the cases relied on by the court involved, as here, pleading amendments by one party. *Id.* at 23 n. 10. *See Lanza v. Drexel,* 479 F.2d 1277, 1310 (2d Cir.1973); *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 620 (9th Cir.1979). *See also Rosen v. Dick,* 639 F.2d 82, 94–96 (2d Cir.1980).

In *Lanza,* for example, the allegations in both the amended pleading and the original pleading, in which the right to a jury trial had been waived, involved a single issue, an alleged fraudulent inducement to purchase securities. *Lanza,* 479 F.2d at 1310. The court determined that the amendment added no new issue, particularly in light of the fact that the same conduct and documents formed the basis for both the original and amended claims. *Id.* Moreover, the issues relating to willfulness and falsity in the amendments were merely clarifications of "the same general issues" raised in the original pleading. *Id.* (quoting *Moore v. United States,* 196 F.2d 906, 908 (5th Cir.1952)). Finally, to the extent certain issues were indeed "new," the court found that the original complaint was "sufficiently broad to be fairly construed as including these issues." *Id.* Accordingly, the defendant's waiver of his right to a jury trial in the original pleading prevented him from later demanding that right in connection with the amendment. *Id. See also Las Vegas Sun,* 610 F.2d at 620 (the additional claims alleged in the amended complaint, while including new legal theories of recovery, still turned on the same matrix of facts).

Another case in point is *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045 (9th Cir.1974), in which the plaintiff sought to invoke the right to a jury trial for two claims added in an amended complaint. The court made clear that the mere assertion of a new legal theory of liability is inapplicable to the analysis of whether a new issue of fact has been asserted for purposes of Rule 38. *Id.* at 1050. The court found that, where an original pleading, in which a party fails to exercise a right to a jury trial, is broad enough to encompass factual issues raised in a later amendment, the party's previously waived jury trial is not revived. *Id. See also Rosen,* 639 F.2d at 94 ("A legal theory incorporates issues of law which do not concern the jury, whereas only factual questions raise the possibility of a jury trial.")

Granted, the present matter stands in a somewhat different posture. HomePlace does not seek to revise any one claim or add to existing claims. Instead, HomePlace seeks to assert a counterclaim for the first time. In the Court's view, however, this construct requires the same issue analysis, particularly where, as here, an affirmative defense was interposed in the original pleading. Just such a scenario arose in *Leighton v. New York, Susquehanna & W.R.R. Co.,* 36 F.R.D. 248 (S.D.N.Y.1964), where "[t]he proposed amended answer repeated the original answer verbatim and, based upon substantially the previously pleaded affirmative defenses, asserted a compulsory counterclaim." *Id.* at 248. The court allowed the amendment but struck the defendant's jury demand, explaining that "[a]n amendment which merely alters the character of the relief sought—here from a defense on a contract to a demand for repayment of moneys paid thereunder—does not revive the right to a trial by jury." *Id.* at 249.

■ Having analyzed the original answer and the proposed new pleading, the Court finds that HomePlace's proposed counterclaim fails to raise any issue not encompassed by its original answer. Each of the three counts is premised on the same factual

claim: that Pyramid allegedly misrepresented that the store which Pyramid had identified as "Lechmere" would in fact be a Home Image store. This is essentially what HomePlace alleged and joined as a factual issue in its second affirmative defense when it asserted that any agreement between the parties was void because of Pyramid's false representations and material concealments.

■ HomePlace's own justifications for why it should be granted leave to amend confirm that the issues covered in its proposed counterclaim arise out of the "same general area of dispute" and "turn on the same matrix of facts" as its original answer. N–500L, 691 F.2d at 23. In its motion for leave to amend, for example, HomePlace states that "[t]he claims which HomePlace set[s] forth in [its] proposed Counterclaim and Jury Demand arise out of the same transactions which were raised in the ..." Complaint of Pyramid Company of Holyoke. (HomePlace Motion (Docket No. 19) ¶ 1.) Similarly, in its supporting memorandum, HomePlace admits that the "basic premise for HomePlace's Counterclaim was anticipated by HomePlace's Second Affirmative Defense." (HomePlace Memo. (Docket No. 20) at 4.) Where a claim asserted in an amendment could have been "anticipated" in that manner at the time of the original pleading, the later amendment will not revive a right to a jury trial. Speed v. Transamerica Corp., 103 F.Supp. 47, 47–48 (D.Del.1952).

As Pyramid acknowledges, the only allegations that possibly could be suggested were not asserted in HomePlace's second affirmative defense are the following: (1) a charge of willfulness in Count III of the proposed counterclaim, asserting a violation of M.G.L. ch. 93A, § 11; (2) that the acts in issue occurred primarily and substantially within the Commonwealth of Massachusetts; and (3) damages. In the Court's opinion, however, these differences are slight and fail to raise factual issues sufficiently new to revive HomePlace's right to demand a jury trial.

In particular, the allegation of willfulness is encompassed by the breadth of the fraud allegation and, thus, does not present a new issue of fact. See Lanza, 479 F.2d at 1310; Trixler, 505 F.2d at 1050. Indeed, a claim of willful violation under M.G.L. ch. 93A, such as the one asserted in the proposed counterclaim, is viable only if it is based on "intentional fraud." VMark Software, Inc. v. EMC Corp., 37 Mass.App.Ct. 610, 642 N.E.2d 587, 596 (1994). Similarly, the allegation regarding the locus of the harm also fails to raise a new issue. In fact, this very allegation was raised by Pyramid itself in Count I of its complaint (which is also based on chapter 93A). (See Amended Complaint (Docket No. 03) ¶ 49.) Although HomePlace originally denied the allegation (see Answer (Docket No. 04) ¶ 49), it is now apparently prepared to concede its accuracy (see Proposed Amended Answer ¶ 34). No matter, the factual issue had been joined already. Finally, since changing the relief sought does not itself raise a new issue within the contours of Rule 38, the allegation of damages cannot revive a jury right. See Leighton, 36 F.R.D. at 249.

The cases on which HomePlace relies are simply inapposite. In Marvel Entertainment Group, Inc. v. Arp Films, Inc., 116 F.R.D. 86, 88 (S.D.N.Y.1987), for one, the district court determined that Rule 38(b) was not to be strictly applied since the action had been removed from state court. Another, First Wis. National Bank of Rice Lake v. Klapmeier, 526 F.2d 77, 80 (8th Cir.1975), involved an allegation of fraud made for the first time in an amended answer in which a jury trial was demanded. Similarly, the issue of good faith in In re Zweibon, 565 F.2d 742, 744 (D.C.Cir.1977), upon which defendant was to be granted a jury trial, had not been raised even implicitly in the defendant's original answer. In contrast, HomePlace's proposed counterclaim raises essentially the same factual issues as to which it had already waived its right to have decided by a jury. Accordingly, the Court is prepared to strike the jury demand incorporated into HomePlace's proposed amendment.[2]

One final note: the Court is not inclined to address at any length HomePlace's request, implied at best, that its discretion be exer-

2. As a result, the Court does not address the parties' dispute as to whether a jury trial is available for M.G.L. ch. 93A claims.

cised pursuant to Rule 39(b) to order a jury trial "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right." Fed.R.Civ.P. 39(b). Granted, unlike many of the cases discussed above, the instant matter raises few reliance or notice issues, thereby making Rule 39(b) relief not entirely inappropriate. However, Rule 39(b) specifically requires that such a request be made "by motion." *Id.* HomePlace's request is raised only in its reply brief. (*See* HomePlace Reply Brief (Docket No. 25) at 10–11). Moreover, even under the broad discretion afforded the courts, *Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d 194, 199–200 (1st Cir.1987), HomePlace has inadequately supported its "request." *Cf. Harris Baking Co. v. S.B. Thomas, Inc.,* 585 F.Supp. 750, 752 (D.Me. 1984).

■ Finally, HomePlace's claimed "inadvertence" in failing to demand a jury trial in its initial answer, also advanced for the first time in its reply brief, is insufficient by itself to grant a trial under Rule 39(b). *See Rowlett,* 832 F.2d at 199–200; *see also Leighton,* 36 F.R.D. at 249 ("The Court is of the view that in the circumstances of this case the order which relieved the defendant of its "inadvertence" in failing, at the time of its original answer, to serve its compulsory counterclaim and which by defendant's own representation to the Court raises no new factual issue did not at the same time relieve it of its waiver of a jury trial.") Should HomePlace desire to pursue a Rule 39(b) motion in the future, it must be done formally, be well supported and addressed to the trial judge in whose discretion the decision resides. Of course, HomePlace may then have to face the contractual jury waiver claim which Pyramid has pursued here, albeit prematurely.

## CONCLUSION

For all the foregoing reasons, HomePlace's motion to amend is ALLOWED, but its demand for a jury trial is STRICKEN.

IT IS SO ORDERED.