THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sheila Ray, as Personal Representative of the Estate of Lucille
Veneziani, Respondent,
v.
The Caroline Collection Inc., John Boyd and Caroline Boyd,
Appellants.
 
 
 

Appeal From Bamberg County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2006-UP-273
Submitted June 1, 2006  Filed June 8, 2006

DISMISSED

 
 
 
James D. Mosteller, III, of Barnwell, for Appellants.  
Kristina Michelle Anderson, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Lucille Veneziani filed this fraud and negligent misrepresentation action against The Caroline Collection, Inc. and John W. Boyd and Caroline Boyd (collectively referred to as CCI).  Veneziani died during the pendency of the action and Sheila Ray, as personal representative of Venezianis estate, moved to amend the complaint to request a jury trial and add additional causes of action.  CCI moved for summary judgment.  The trial court denied CCIs motion for summary judgment and granted Rays motion to amend.  CCI appeals.[1]
FACTS
In August of 2000, Veneziani became interested in a secretary in CCIs antique store.  The secretary was advertised as having been made in 1822 and formerly owned by Governor Morris, Ambassador to France.  The listed price was $20,000.  
Veneziani purchased the item for $14,000, paying $10,000 down and agreeing to pay $4,000.  She eventually paid $3,700 of the remaining balance.  Veneziani later had the item appraised and discovered it was a reproduction worth approximately $3,500.  
Veneziani filed this action on April 1, 2003 and did not request a jury trial.  Veneziani filed an amended complaint on April 21, 2003 and a second amended complaint by consent order on June 18, 2004.  CCI filed a motion for summary judgment on the fraud cause of action.  After a hearing on the matter, Veneziani died.  CCI moved for dismissal of the fraud cause of action, arguing it did not survive.  The trial court denied CCIs motions.
Ray then moved to amend to change the plaintiff to the estate, to add a claim for unfair trade practices, and to request a jury trial.  CCI also moved for summary judgment on the fraud and negligent misrepresentation causes of action, arguing they were personal to Veneziani and did not survive her death.  At the hearing, CCI argued the trial court should not allow Ray to amend the complaint as to the unfair trade practices claim, arguing it too was personal to Veneziani.  
The parties agreed the fraud cause of action was personal and it was dismissed.  The court granted Rays motion to amend to add the unfair trade practices action and to include the request for a jury trial.  The court denied CCIs motion for summary judgment on the negligent misrepresentation cause of action. 
APPEALABILITY

CCI claims error on the following three issues:  1) the denial of the motion for summary judgment on the negligent misrepresentation claim; 2) allowing amendment of the complaint to add a claim for unfair trade practices; and 3) the grant of a jury trial.  We find the appeal of the denial of the motion for summary judgment is not appealable.  See Olson v. Faculty House of Carolina, Inc., 354 S.C. 161, 167, 580 S.E.2d 440, 443 (2003) (holding the denial of a motion for summary judgment is not appealable, even after final judgment).  We likewise find the appeal of an order allowing amendment of a pleading is not immediately appealable.  See Lake City Dev. Corp. v. Gilbert Constr. Co., 283 S.C. 10, 11, 320 S.E.2d 494, 494 (Ct. App. 1984) (finding order granting amendment to add a party interlocutory and not immediately appealable).  
As to the appealability of the grant of a jury trial, the issue turns on whether CCI is entitled to a non-jury trial as a matter of right.  When a trial courts order deprives a party of a mode of trial to which it is entitled as a matter of right, such order is immediately appealable.  Hagood v. Sommerville, 362 S.C. 191, 196, 607 S.E.2d 707, 709 (2005).  We accordingly must first review whether CCI is entitled to a non-jury trial as a matter of right before determining the appealability of the issue.
STANDARD OF REVIEW
A trial courts ruling on a partys request for a jury trial will not be reversed on appeal absent an abuse of discretion.  See King v. Shorter, 291 S.C. 501, 502-03, 354 S.E.2d 402, 403 (Ct. App. 1987) (applying abuse of discretion standard to Rule 38(b) motion).  See also Satcher v. Satcher, 351 S.C. 477, 490, 570 S.E.2d 535, 541-42 (Ct. App. 2002) (applying abuse of discretion standard to Rule 39 motion).  
LAW/ANALYSIS 
 CCI argues the trial court erred in granting Rays request for a jury trial.  We disagree.

 Rule 38(b) of the South Carolina Rules of Civil Procedure provides:  
 
 Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.  Such demand may be endorsed upon a pleading of the party.  
 

 Rule 38(b), SCRCP.  Whether a litigant is entitled to a jury trial on issues presented by an amended pleading, where no prior demand for a jury trial has been made, turns on whether the amended pleadings create new issues of fact.  King v. Shorter, 291 S.C. 501, 503, 354 S.E.2d 402, 403 (Ct. App. 1987).
 In this case, the trial court allowed amendment of the complaint to add a claim of unfair trade practices.  The court expressly found that there has been a substantial change in the posture of the case with the death of the Plaintiff such that the requested Amendment would serve the interests of justice and not be prejudicial to the Defendant[s].  The court further found:  Given the fact that the Plaintiff is . . . add[ing] additional causes of action, the Court finds that Rule 38 . . . would allow this Amended Complaint to contain a jury trial request as a matter of right.  Although approximately two years passed between the original complaint and the final amended complaint requesting a trial by jury, we likewise find no prejudice to CCI.  
 Under the abuse of discretion standard, we find no error.  See Hannah v. United Refrigeration Servs., Inc., 305 S.C. 394, 394, 409 S.E.2d 360, 361 (1991) (A partys failure to make a timely demand for a jury trial does not mean the opposing party acquires a right to have, as a matter of law, a non-jury trial.); Patterson v. McNeill-Patterson & Assocs., 312 S.C. 471, 472 n.2, 441 S.E.2d 328, 329 n.2 (Ct. App. 1994) (finding Rule 39(b) does not limit the courts discretion in ordering a trial by jury where a party does not meet the requirements of Rule 38(b)). 
 CONCLUSION
 We find the order denying CCIs motion for summary judgment is not appealable.  We also find the order granting amendment to add the cause of action for unfair trade practices is not immediately appealable.  Finally, we find the trial court did not err in granting the motion to amend the complaint as to Rays request for a jury trial.  Therefore, we find CCI not entitled to a non-jury trial as a matter of right and the order granting a jury trial is therefore not immediately appealable.  Accordingly, the appeal is
 DISMISSED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.