THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lee Pye, Appellant,
 v.
 Mary B. Holmes,
 Charleston County Magistrate, and Charleston County, Respondents.
 
 
 

Appeal From Charleston County
  Deadra L. Jefferson, Circuit Court Judge
Unpublished Opinion No. 2008-UP-251
Submitted May 1, 2008  Filed May 7, 2008    
AFFIRMED

 
 
 
 Bonnie Travaglio Hunt, of Mt. Pleasant, and Holly Palmer Beeson,
 of Columbia, for Appellant.
 James A. Stuckey and Martinique M. Coval, both of Charleston, for Respondents.
 
 
 

PER CURIAM:  This
 is an appeal of an order finding Lee Pyes motion for a jury trial on her
 action against a Charleston County magistrate, Mary B. Holmes, and Charleston
 County was untimely made.  We affirm.[1]
On
 appeal, Pye contends the circuit court erred by (1) denying her the right to a
 jury trial because the issues raised by the amended pleadings were triable by
 jury, she timely moved to transfer the case to the jury docket, and she
 inadvertently failed to demand a jury trial initially; and (2) refusing to rule
 on her motion to reconsider the order denying a jury trial until after the
 bench trial was concluded.
1.  We agree with Holmes that the circuit court properly
 denied Pyes motion on the basis it was untimely.  Pye filed this complaint in
 September 2003 without requesting a jury trial and amended her complaint in
 October 2003, again without requesting a jury trial.  In her initial answer
 filed in January 2004, Holmes asserted multiple defenses, including failure to
 state a claim for which relief could be granted, judicial immunity, sovereign
 immunity under the South Carolina Tort Claims Act, comparative negligence, and expiration
 of the statute of limitations.  Holmes also did not request a jury trial in her
 pleadings.  Holmes later moved to amend her answer, and the request was
 granted.  In her amended answer, Holmes asserted additional defenses, such as
 sole negligence, res judicata, and collateral estoppel.  The amended answer
 also admitted some of the allegations that had been denied in the original
 answer.  It was not until May 5, 2006, that Pye formally moved for the case to
 be transferred to the jury roster. 
Rule
 38 of the South Carolina Rules of Civil Procedure governs requests for a jury
 trial as of right and provides a party must serve a demand upon the other party
 in writing not later than ten days after the last pleading addressed to the
 issue or else a jury trial is waived:

 (b)
 Demand.  Any party may demand a
 trial by jury of any issue triable of right by a jury by serving upon the other
 parties a demand therefor in writing at any time after the commencement of the
 action and not later than 10 days after the service of the last pleading
 directed to such issue. Such demand may be endorsed upon a pleading of the
 party.
 . . . . 
 (d)
 Waiver.  The failure of a party to serve a demand as
 required by this rule and to file it as required by Rule 5(d) constitutes a
 waiver by him of trial by jury. A demand for trial by jury made as herein
 provided may not be withdrawn without the consent of the parties, except where
 an opposing party is in default under Rule 55(a).

 Rule 38, SCRCP.
Rule 39(b), SCRCP further
 provides:  Issues of law and
 issues not demanded for trial by jury as provided in Rule 38 shall be tried by
 the court or may be referred to a master as provided in Rule 53; but,
 notwithstanding the failure of a party to demand a jury in an action in which
 such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.  [Emphasis added.]
Rule 38(b), SCRCP
 requires a motion to transfer a matter to the jury roster be made not later
 than ten days after the last pleading addressed to the issue.  In this case, we
 first note the motion to transfer was made more than ten days after the last
 amended answer and thus did not comply with Rule 38.  In addition, Pye admitted
 at the hearing on the motion that she did not comply with the requirements of
 Rule 38.
In King
 v. Shorter, 291 S.C. 501, 354 S.E.2d 402 (Ct. App. 1987), this court held
 that the trial court did not abuse its discretion in granting a motion to amend
 an answer to assert a counterclaim for unfair trade practices while denying a
 motion to transfer the case to the jury roster.  We noted three previous sets
 of pleadings had been filed without a request for a jury trial being made.  Id. at 502, 354 S.E.2d at 403.  In King, we stated:  [A] litigants
 entitlement to a jury trial on the issues presented by an amended pleading,
 when no prior demand for a jury trial has been made, turns on whether the
 amended pleadings create new issues of fact.  Id. at 503, 354 S.E.2d at
 403.  We concluded that the pleadings involved essentially the same facts and
 thus the trial court did not abuse its discretion in denying the motion to the
 jury calendar.  Id. 
Similarly,
 the circuit court did not abuse its discretion in this instance as Pye did not
 formally request a jury trial until the action had been pending for almost
 three years, Pyes motion was made, in any event, more than ten days after the
 last pleading addressed to the issue, and the amended pleading involved
 essentially the same facts.  Further, Pye expressly conceded that she failed to
 comply with the requirements of Rule 38.  In denying the motion, the circuit
 court expressed concern about the delay of the case, the reason for Pyes failure
 to request a jury trial, and the prejudice to Holmes in having to prepare for a
 jury trial.  Thus, we cannot say the circuit court abused its discretion in
 this instance. 
2.  As to Pyes allegation that the circuit court erred in
 failing to rule on her motion to reconsider until the bench trial was held, an
 order denying a mode of trial is immediately appealable if it denies a mode of
 trial to which the party is entitled.  In Satcher v. Satcher, 351 S.C.
 477, 570 S.E.2d 535 (Ct. App. 2002), we held that an order under Rule 38
 affecting the mode of trial affects substantial rights and must be immediately
 appealed or any alleged error is waived.  We concluded the appellants appeal
 of the denial of his motion for a jury trial under Rule 38 was untimely and therefore
 could not be considered on appeal because he did not appeal until after the
 trial had already been held.  Id. at 490, 570 S.E.2d at 542.  However,
 we did consider the appellants argument under Rule 39(b) as to whether the
 trial court had erred in failing to grant the motion as a matter of
 discretion.  We stated, A decision denying a jury trial based on Rule 39(b) is
 discretionary and not immediately appealable.  Id.  We held the
 appellant had shown no abuse of discretion, however, because the trial court
 had denied the request after considering the issues involved, the prejudice to
 the appellant, the timeliness of the request, the docket, and the reason for
 the delay.  In addition to the trial courts reasons, our court stated we were
 unable to discern any prejudice to the appellant because the legal
 counterclaims had been dismissed in the action.  Id.  
In
 the case before us, Pye was not entitled to a jury trial as a matter of right
 based on the filing of the amended answer as it was based on essentially the
 same factual allegations.  Pye clearly failed to timely demand a jury trial and
 the amended answer did not resurrect this right that had been waived.  A mode
 of trial ruling is immediately appealable only if denies a mode of trial to
 which the party is entitled as a matter of right.  The matter of a jury trial
 here was an issue committed to the discretion of the circuit court once it was
 waived, and we have found no abuse of discretion in this instance.  Because the
 decision on the request for a jury trial was a matter committed to the
 discretion of the court, it was not immediately appealable and Pye has shown no
 error in the timing of the courts ruling.
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.