# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Zurich American Insurance Company of Illinois,
Respondent,

v.

Palmetto Contract Services, Inc., Appellant.

Appellate Case No. 2018-000692

---

Appeal from Charleston County
Kristi Lea Harrington, Circuit Court Judge

---

Opinion No. 5833
Heard November 3, 2020 – Filed July 7, 2021

---

## AFFIRMED

---

William A. Scott, of Pedersen & Scott, PC, of Charleston,
for Appellant.

Larry D. Cohen, of Larry D. Cohen LLC, and Carolyn H.
Blue, both of Charleston, for Respondent

---

**GEATHERS, J.:** In this breach of contract action, Appellant Palmetto Contract Services, Inc. (Palmetto) appeals the circuit court's order granting Respondent Zurich American Insurance Company's (Zurich) motion to strike Palmetto's jury trial demand. Palmetto argues it revived its right to a jury trial when it raised counterclaims for the first time in its amended answer and counterclaim. Additionally, Palmetto asserts its counterclaims raised new issues of fact that also revived its right to a jury trial. We affirm.

## FACTS/PROCEDURAL HISTORY

In February 2012, Palmetto entered into a contract with Zurich for workers' compensation and employers' liability insurance coverage. After a premium audit, Zurich determined Palmetto owed it additional premiums in the amount of $158,744.

On December, 11, 2015, Zurich sued Palmetto for breach of contract, seeking to recoup the unpaid premiums, accrued and post-judgment interest, costs, and any other relief to which it may have been entitled. Palmetto answered on February 16, 2016, denying Zurich's allegations and asserting the following defenses: failure to mitigate damages; waiver, estoppel, laches; and fraud. Neither party demanded a jury trial in its initial pleading.

On July 12, 2016, Palmetto filed a motion to amend its answer and assert counterclaims. Palmetto's proposed amended answer and counterclaim added the following: a defense of full accord and satisfaction; a defense of setoff—asserting Zurich's claims must be reduced by the amount paid for the value of the work performed; a counterclaim for negligent representation and fraud; and a counterclaim for breach of contract.

As to the counterclaims for negligent representation and fraud, Palmetto asserted Zurich previously classified some of Palmetto's employees under National Council on Compensation Insurance (NCCI) code 3040. However, Palmetto contended, as a result of Zurich's audit, Zurich determined that those employees should have been listed under code 6824F. This caused Zurich to invoice Palmetto for the unpaid premiums. Palmetto argued the following: (1) the representation that Zurich would properly classify employees under code 3040 and bill Palmetto accordingly was false and material; (2) Zurich "knew the representations . . . were false" and "intended that the representations be acted upon"; (3) "Palmetto did not know that the representations were false[] and relied on the representations"; (4) Zurich had a pecuniary interest in making the false representations; (5) Zurich had a duty of care to provide truthful information to Palmetto—which it breached by failing to properly communicate information regarding class codes to Palmetto; (6) "Palmetto had a right to rely on the representations in the agreement"; and (7) as a result of the negligent misrepresentations and fraud, Palmetto incurred actual, incidental, and unspecified damages. As to the counterclaim for breach of contract, Palmetto asserted "Zurich breached the contract by failing to classify operations properly and improperly billing Palmetto." Palmetto did not request a jury trial at the time it filed its motion to amend. Zurich opposed Palmetto's motion to amend its answer.

A hearing on the motion was held on September 19, 2017. Zurich argued it was prejudiced by the potential amendment because it would not be able to seek a jury trial if it so desired. Zurich clarified, however, that it was not requesting a jury trial at that time. The court granted Palmetto's motion to amend and instructed Palmetto to "put it in the order that [it] consent[ed] to a jury trial if [Zurich] desires a jury trial . . . ." The court found no prejudice in granting the motion because Palmetto's original answer included "issues of fraud and misrepresentation" and Palmetto consented to a jury trial if Zurich requested one.

Subsequently, on September 27, 2017, Palmetto filed its amended answer and counterclaim, designated "(Jury Trial)" below the document's title. Thereafter, the clerk's office placed the case on the jury roster. Zurich objected to the transfer to the jury roster and moved to strike Palmetto's jury trial demand, arguing Palmetto waived its right to a jury trial when it did not demand a jury trial following its initial answer and that the amended answer and counterclaim did not revive the right to a jury trial because it was not based upon new issues of fact pursuant to *King v. Shorter*.[1] Zurich contended Palmetto's allegations were based upon the same issues and facts raised in Zurich's complaint and Palmetto's initial answer. Zurich further noted that the court's order granting Palmetto's motion to amend its answer stated Palmetto raised the same issues as previously pled.

A hearing on Zurich's motion to strike was held before the circuit court on March 6, 2018. At the hearing, Palmetto argued that the counterclaims asserted in the amended answer were new issues of fact not in the original pleading, and therefore, it was allowed to demand a jury trial under *King*. Additionally, Palmetto noted that Zurich had previously argued against Palmetto's motion to amend by stating Zurich would not have the ability to seek a jury trial.

On March 8, 2018, the circuit court issued an order granting Zurich's motion to strike Palmetto's jury trial demand pursuant to Rule 38(d), SCRCP and *King*. The circuit court found Palmetto's amended answer and counterclaim did not create new issues of fact. This appeal followed.

## ISSUE ON APPEAL

---

[1] 291 S.C. 501, 503, 354 S.E.2d 402, 403 (Ct. App. 1987) (finding the circuit court did not abuse its discretion by allowing the defendant to amend his pleading, while simultaneously denying his motion to transfer the case to the jury calendar, because the amended pleading did not create new issues of fact).

Did the circuit court err by finding Palmetto's amended answer did not entitle it to a jury trial?

## STANDARD OF REVIEW

As an initial matter, the parties disagree on the appropriate standard of review for this appeal. Unlike a jury trial request under Rule 39(b), SCRCP,[2] the decision of whether to order a jury trial under Rule 38 is not discretionary with the circuit court. *See Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997) ("Rule 38 concerns trial by jury as of right. Rule 39(b), on the other hand, allows the [circuit] court discretion to order a jury or non-jury trial."). In *Dawson*, the supreme court found that because the decision of whether to order a jury trial pursuant to a Rule 38 request was *not* discretionary, the appellant's failure to immediately appeal the circuit court's denial of his request for a jury trial under Rule 38 barred his appeal of the issue. *Id.* at 266–67, 491 S.E.2d at 241–42. Like the appellant in *Dawson*, Palmetto is challenging the circuit court's denial of its pretrial jury demand under Rule 38. *See id.* Here, the issue is not whether Palmetto waived its right to a jury trial; rather, the sole issue is whether the amended answer and counterclaim revived Palmetto's previously waived right to a jury under Rule 38. Because this is a question of law, the proper standard of review is de novo. *See Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010) ("Whether a party is entitled to a jury trial is a question of law."); *California Scents v. Surco Prod., Inc.*, 406 F.3d 1102,

---

[2] Rule 39 states in relevant part

> **(a) By Jury.** . . . The trial of all issues so demanded shall be by jury, unless . . . the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist.
> **(b) By the Court.** Issues of law and issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court or may be referred to a master as provided in Rule 53; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, *the court in its discretion upon motion may order a trial by jury of any or all issues.*

(Emphasis added).

1105 (9th Cir. 2005) ("Entitlement to a jury trial is a question of law reviewed de novo.").[3]

## LAW/ANALYSIS

Rule 38(b), SCRCP, provides that

> [a]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and *not later than 10 days after the service of the last pleading* directed to such issue. Such demand may be endorsed upon a pleading of the party.

(emphasis added). Subsection (d) further states that "[t]he failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury." Rule 38(d), SCRCP. Accordingly, a party's right to a jury trial is waived if a demand is not served within ten days of service of "the last pleading directed to such issue." Rule 38(b). Because Rule 38 is substantially the same as Fed. R. Civ. P. 38, this court has analyzed federal case law interpreting the federal rule when deciding on issues related to our state rule. *See King*, 291 S.C. at 503, 354 S.E.2d at 403.

Palmetto concedes it did not demand a jury trial within ten days after the service of its initial answer. However, it contends its right to a jury trial was revived because it asserted affirmative claims against Zurich *for the first time* in its amended answer and counterclaim. Palmetto maintains that based on this assertion, which distinguishes it from *King*, the circuit court erred in finding it was not entitled to a jury trial pursuant to *King*. Furthermore, Palmetto contends that there are different

---

[3] In *King*, the court of appeals stated that the circuit court "did not abuse [its] discretion in either allowing [defendant]'s amended pleading or in denying his motion to transfer the case to the jury calendar." 291 S.C. at 503, 354 S.E.2d at 403. However, that ruling was in the context of the circuit court's discretion to allow the defendant to amend his pleading—which is unarguably reviewed for an abuse of discretion. *See id.*; *Foggie v. CSX Transp., Inc.*, 313 S.C. 98, 22, 431 S.E.2d 587, 590 (1993) ("It is well established that a motion to amend is addressed to the sound discretion of the [circuit court]. . . .").

issues and facts in its amended answer and counterclaim that also revived its right to a jury trial. We disagree.

In *King*, the plaintiff brought suit over a note he co-signed as endorser and had to pay for the defendant. 291 S.C. at 502, 354 S.E.2d at 402. The defendant answered, asserting fraud and coercion defenses, and counterclaimed for (1) malpractice, (2) fraud and deceit, and (3) breach of trust and fiduciary relationship. *Id.* The defendant did not make a demand for a jury trial. *Id.* Thereafter, the defendant amended his answer and added an additional counterclaim for outrage. *Id.* at 502, 354 S.E.2d at 402–03. After the plaintiff abandoned a motion to amend his complaint, which he had previously served on the defendant, the defendant yet again moved to amend his answer and counterclaim to assert an action for unfair trade practices and to transfer the case to the jury calendar. *Id.* The circuit court denied the motion to transfer but allowed the defendant to amend his answer and counterclaim. *Id.*

In affirming the circuit court's ruling, the court of appeals noted that under federal cases on the issue, "a litigant's entitlement to a jury trial on *the issues presented by an amended pleading*, when no prior demand for a jury trial has been made, turns on whether the amended pleadings *create new issues of fact*." *Id.* at 503, 354 S.E.2d at 403 (emphases added). The court did not provide any caveats to the rule—and certainly no caveats intimating that the new issues presented by the amended pleadings could in fact be issues of *law* and not *fact*. *See id.* Instead, by its incorporation of *Trixler Brokerage Co. v. Ralston Purina Co.*, the court of appeals confirmed that the presentation of a new theory of recovery in an amended pleading does not constitute the presentation of a new issue on which a jury trial should be granted. *See id.* at 503, 354 S.E.2d at 403; *Trixler Brokerage Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974) ("The theory of a case relates to the ultimate basis of liability[] rather than to an issue created by the pleadings."); *id.* ("When read in context, the word issue must have been intended by the Supreme Court to mean nothing other than an issue of fact. Obviously, appellant would not be demanding a jury trial on an issue of law."); *see also New Hampshire Fire Ins. Co. v. Perkins*, 28 F.R.D. 588, 590 (D. Del. 1961) ("The authorities are uniform that when a [party] has waived a jury trial and subsequently files an amendment to the [pleading] which does not change the nature of the case or introduce new issues, such amendment does not entitle the [party] to demand a jury trial as a matter of right and over objection[] pursuant to Rule 38(b)." (quoting *Reeves v. Pennsylvania R. Co.*, 9 F.R.D. 487, 488 (D. Del. 1949))). This rule applies equally to amendments by plaintiffs and defendants. *See Perkins*, 28 F.R.D. at 590–91.

Given the jury's role as the finder of fact, it is logical "that the jury trial right extends only to disputed factual conclusions." *See Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980). Once a party denies an allegation, both parties are then made aware that an issue of fact exists. *See id.* ("Rule 38(b) [] allows a party to wait for a responsive pleading which shows whether an issue of fact exists before making the jury demand."); *Trixler Brokerage Co.*, 505 F.2d at 1050 ("An issue of fact does not exist unless there is an allegation and a responsive denial."). If a party does not demand to exercise its jury right on this triable issue within ten days, the party effectively waives the right to a jury trial on this issue of fact. Fed. R. Civ. P. 38(d); Rule 38(d), SCRCP. To that end, a party's right to a jury trial is not revived based solely on the fact that the party asserts a counterclaim for the first time in an amended pleading, without also introducing new factual issues that were *not* previously in dispute. *See Trixler Brokerage Co.*, 505 F.2d at 1050.

Our conclusion is supported by federal case law in which the presiding courts were faced with essentially the same procedural scenario as the current matter. *See Pyramid Co. of Holyoke v. Homeplace Stores Two, Inc.*, 175 F.R.D. 415, 416–17 (D. Mass. 1997). In *Pyramid Co.*, the plaintiff, a company that owned a retail facility in a mall, sued the defendant, a retail company, for breach of contract resulting from a letter of intent to lease plaintiff's facility. *Id.* at 416. The defendant contended "it was understood that [the defendant] would be the only store in the mall selling high-end bath fixtures," but after signing the letter of intent, it became aware of the opening of a company it considered to be a direct competitor in the mall. *Id.* In its complaint, the plaintiff sought specific performance or treble damages for the breach. *Id.* In its answer, the defendant denied the plaintiff's claims and asserted as an affirmative defense that it was fraudulently induced to sign the letter of intent. *Id.* The defendant did not request a jury trial at that point. *Id.* The defendant subsequently uncovered a letter written by its competitor's parent company to plaintiff, notifying plaintiff of its intention to open a new store in the mall. *Id.* at 416–417. The defendant then sought to amend its answer to assert three counterclaims and a jury trial demand. *Id.* at 416.

The district court granted the defendant leave to amend the pleading to assert the counterclaims but struck its demand for a jury trial, finding the proposed counterclaims failed to raise any issues not encompassed by its original answer. *Id.* at 419–20 ("Each of the three counts is premised on the same factual claim: that [the plaintiff] allegedly misrepresented that the store which [the plaintiff] had identified as 'Lechmere' would in fact be a Home Image store."). The court was not persuaded by the defendant's argument that the counterclaims were new issues for Rule 38 purposes. *Id.* at 418. The court characterized this argument as an attempt by the

defendant to bypass the issue analysis, stating: "Were the Court to follow HomePlace's lead, any defendant could automatically resuscitate a waived jury demand simply by amending its original answer and adding a counterclaim." *Id.* (emphasis added).

We find the district court's reasoning persuasive. We do not think it terribly difficult to envision a scenario in which a party may try to circumvent Rule 38(b)'s ten-day time limit in such a manner. *See id.* In light of the fact that courts routinely grant litigants leave to amend their pleadings,[4] defendants may increasingly find it advantageous to wait and demand a jury trial pursuant to an amended pleading. As such, we find the act of asserting counterclaims for the first time in an amended pleading does not automatically revive the right to a jury trial.

Having rejected Palmetto's argument that its right to demand a jury trial was revived based on the mere fact that it asserted counterclaims for the first time in its amended answer and counterclaim, we now consider whether the substance of its counterclaims and request for damages created new issues of fact that revived the jury right. *See King*, 291 S.C. at 503, 354 S.E.2d at 403. Both the breach of contract and negligent misrepresentation counterclaims involve essentially the same facts as previously pled, as does the request for damages. *See id.* All of Palmetto's new allegations involve the effect of Zurich's audit on Palmetto's contract with Zurich. Further, Palmetto's claims could have easily been anticipated at the time of its original pleading. *See Pyramid Co.*, 175 F.R.D. at 420 ("Where a claim asserted in an amendment could have been 'anticipated' in that manner at the time of the original pleading, the later amendment will not revive a right to a jury trial."). The circuit court allowed Palmetto to amend its answer because its original answer included "issues of fraud and misrepresentation," and thus, would not prejudice Zurich. Accordingly, the circuit court did not err by finding Palmetto's amended answer and counterclaim did not entitle it to a jury trial under Rule 38.

## CONCLUSION

Based on the foregoing, the circuit court's order is

---

[4] *See* Rule 15(a), SCRCP ("[L]eave shall be freely given when justice so requires and does not prejudice any other party."); *Patton v. Miller*, 420 S.C. 471, 489, 804 S.E.2d 252, 261 (2017) ("This rule strongly favors amendments[,] and the court is encouraged to freely grant leave to amend." (quoting *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005))).

**AFFIRMED.**

**HUFF and WILLIAMS, JJ., concur.**